AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>Andrew Crousore<br><br>Defendant(s) | )<br>)<br>)  Case No.<br>)         1:20-mj-00126<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 7, 2020__ in the county of __Howard__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) | Possession with Intent to Distribute Controlled Substances |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Michael K. Williams, Postal Inspector
Printed name and title

Sworn to before me and signed in my presence.

Date: 02/10/2020

_____
Judge's signature

City and state: Indianapolis, Indiana

Tim A. Baker, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, U.S. Postal Inspector Michael Williams, being duly sworn upon my oath, depose and state the following:

## AFFIANT BACKGROUND AND PURPOSE OF AFFIDAVIT

1. Your Affiant is a United States Postal Inspector assigned to the Indianapolis Domicile of the Detroit Division of the U.S. Postal Inspection Service (USPIS). I am sworn and empowered to investigate criminal activity involving or relating to the US Postal Service. I am currently assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances and Money Laundering, through the United States Mail. I have been a Postal Inspector since August 2010. I have worked investigations wherein the United States mail system was used for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, methamphetamine and heroin, in violation of Title 21 United States Code, Sections 841(a)(1), 843(b), and substances mailed in violation of Title 18, United States Code, Section 1716. I have also received additional Prohibited Mail Narcotics (PMN) training conducted by the United Postal Inspection Service (USPIS).

2. This Affidavit is submitted in support of a criminal complaint charging Andrew Crousore (date of birth is XX/XX/1997) with Possession with Intent to Distribute Controlled Substances in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). Further, the statements in this affidavit are based on my personal involvement in this investigation and information obtained from other agents, law enforcement officers, and other third parties.

## FACTS SUPPORTING PROBABLE CAUSE

3. On February 7, 2020, Priority Mail Parcel affixed with label number 9505 5116 3108 0036 3931, addressed to "Edgar Leon, 3591 W 200 S, Russiaville, In 46979," with a return address of "Richard Leon, 2315 Mustang Rd, Alvin, TX 77511, Unit 15," (herein referred to the

1

Subject Parcel) was removed from the mailstream by your Affiant. The Subject Parcel was mailed on February 5, 2020, from the Houston, Texas Post Office. Further, the Subject Parcel weighed 1 pound 9 ounces, bore $10.90 in postage and fees, and was in a yellow padded envelope.

4. From my training and experience, as well as the training and experience of other Postal Inspectors on the Contraband Interdiction and Investigations (CI2) Team, I am aware that the USPS mail system is frequently used to transport controlled substances and/or proceeds from the sale of controlled substances to areas throughout the United States. I also, know that drug traffickers prefer mail/delivery services such as Express Mail and Priority Mail because of their reliability and the ability to track the article's progress to the intended delivery point. When a drug trafficker learns that a mailed article has not arrived as scheduled, he/she becomes suspicious of any delayed attempt to deliver the item.

5. Based on my training and experience, I am aware that the Priority Mail service was created as a less expensive alternative to Express Mail overnight delivery, but designed to provide quicker, more reliable service than standard First Class Mail. Whereas a customer mailing an article via Express Mail expects next-day service, a customer who mails an article via Priority Mail can expect two-to-three-day delivery service. The USPS also provides a tracking service though a USPS tracking number, which allows the customer to track the parcel and confirm delivery.

6. Based on my training and experience regarding Priority Mail operations, I am aware that the majority of Priority Mail mailings are business mailings. Businesses have found that Priority Mail is a significantly less expensive method of mailing than Express Mail, particularly when next-day service is not a requirement. I also know that, similar to Express Mail, Priority Mail business mailings tend to be smaller, lighter mailings, and on average, weigh less than two pounds. Examples of the typical types of business mailings conducted via Priority Mail include books, clothing, pharmaceuticals, and consumer goods purchased from online retailers.

7. From my training, personal experience, and the collective experiences related to me by other Postal Inspectors on the CI2 Team who specialize in investigations relating to the mailing of controlled substances and proceeds from the sale of controlled substances, I am aware that the State of Texas is a source location for controlled substances based on its close proximity to the border between the United States and Mexico. As such, controlled substances are frequently transported from Texas via USPS, and proceeds from the sale of controlled substances are frequently returned to Texas via USPS.

8. Based on my training and experience regarding the use of Express Mail and Priority Mail to transport controlled substances and/or the proceeds from the sale of controlled substances, I am aware these parcels usually contain some or all of the following characteristics:

   a. The parcel contains a label with handwritten address information and is addressed from one individual to another individual;

   b. The handwritten label on the parcel does not contain a business account number, thereby indicating that the sender likely paid cash;

   c. The parcel is heavier than the typical mailing, often weighing more than eight ounces for Express Mail, and two pounds for Priority Mail; and

   d. The parcel was destined for an area known to be a frequent destination point for controlled substances, having been mailed from an area known to be a source area for controlled substances.

9. From my training, personal experience, and the collective experiences related to me by other Postal Inspectors on the CI2 Team who specialize in investigations relating to the mailing of controlled substances, it is common for drug traffickers to use names not associated with an address or fictitious business names and addresses to evade detection by law enforcement.

10. On February 6, 2020, due to an ongoing investigation, your Affiant identified this Subject Parcel and examined it further. This Subject Parcel met some of the characteristics listed in Paragraph 7 above. First, the Subject Parcel bore a handwritten label. The Subject Parcel also did not contain a business account number. Lastly, the Subject Parcel was mailed from a post office in Houston, Texas which is a known narcotic mailing source location.

11. Through the Consolidated Lead Evaluation and Reporting (CLEAR), a law enforcement database accessible to your Affiant. I conducted a CLEAR database query and learned that the delivery address for the Subject Parcel was an existing, deliverable address, however the purported name "Edgar Leon" was not associated with the address.

12. Furthermore, through the CLEAR database query, investigators learned that the return address was an existing, deliverable address, however, the purported name "Richard Leon" is not associated with the address.

13. From my training, personal experience, and the collective experiences related to me by other Postal Inspectors on the CI2 Team who specialize in investigations relating to the mailing of controlled substances, it is common for drug traffickers to use names not associated with an address or fictitious business names and addresses to evade detection by law enforcement.

14. On February 7, 2020, in an area within the Inspection Service Domicile located at 7188 Lakeview Parkway West Drive, Indianapolis, Indiana 46268, I conducted a controlled substance detection test by placing the Subject Parcel with four other "decoy" parcels in the Inspection Service area. I observed Indiana State Police (ISP) Trooper Susan Rinschler and K-9 Maverick enter the office area and alert only on the Subject Parcel. Trooper Rinschler stated that Maverick gave a positive indication to the Subject Parcel, which positive indication is consistent with the canine's detection of the odor of a controlled substance. Maverick is employed by the Indiana State Police and is handled by Trooper Rinschler. Trooper Rinschler has been employed

as a police officer since 2012 and as a Narcotic Detection Canine handler since June 2016. Trooper Rinschler's narcotic detection canine partner, Maverick, has been in service since June 2016. Maverick has been trained in the detection for the presence of the odor of the following controlled substances: marijuana, cocaine, heroin, methamphetamine, crack cocaine, and ecstasy. Maverick was last certified by the Indiana Police Work Dog Association in September 2019 and is certified annually.

15. On February 7, 2020, based upon the above information, your Affiant applied for and received a search warrant for the Subject Parcel, under cause number 1:20-mj-0116. Shortly thereafter, the search warrant was executed on the Subject Parcel revealing approximately 503 grams of suspected heroin. Inspectors field tested the suspected heroin, which tested positive for heroin. Inspectors re-packaged the Subject Parcel with a representative sample of six (6) grams of suspected heroin, along with filler material, in anticipation of a controlled delivery of the Subject Parcel.

16. On February 7, 2020, your Affiant applied for and received a search warrant for the address 3591 West 200 South, Russiaville, Indiana (delivery address of the Subject Parcel), under cause number 1:20-mj-00118.

17. At approximately 1:45 p.m., Inspectors acting in an undercover capacity delivered the Subject Parcel (with the representative sample) to the mail box belonging to the above referenced residence. Immediately following the delivery, a male wearing a yellow sweatshirt exited the residence, collected the Subject Parcel from the mail box, and returned to the residence. At approximately 1:55 p.m., Inspectors and members from the Indiana State Police approached the residence, knocked on the door, and announced "police search warrant." Soon after, law enforcement made entry into the residence and secured the residence. Two males and one female were located inside of the residence.

18.    Upon entry, your Affiant secured subject, Andrew Crousore. Your Affiant advised Crousore of *Miranda*. After the advisement, Crousore and agreed to speak with law enforcement. Your Affiant conducted recorded interviews of Crousore at the residence and within an interview room at the Kokomo Police Department located at 100 South Union, Kokomo, Indiana. Crousore stated the Subject Parcel contained heroin and showed Inspectors where the Subject Parcel was located within the residence. Crousore advised over the past year or so, he had received about 7 to 15 packages of heroin at his residence. Crousore indicated during the same timeframe, there has been about 20 to 30 occasions where he has sent Western Union Money Orders or has wired money to individuals in Texas which were for drugs. Crousore said he received money and/or heroin as compensation for receiving the heroin packages and sending money. Crousore also admitted to selling heroin to people in Kokomo and surrounding areas.

## REQUEST

19.    Based on the information in this Affidavit, I submit there is probable cause to believe that on or about February 7, 2020, Andrew Crousore possessed with intent to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). Accordingly, I respectfully request this Court issue a criminal complaint charging him with that offense along with a warrant for his arrest.

Michael K. Williams
United States Postal Inspector

Subscribed and sworn before me this 10th day of February, 2020.

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana